

Signed and Filed: April 13, 2012

_____
**THOMAS E. CARLSON**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JACK KLEIN,<br>                Debtor.<br>_____<br>DOUGLAS CARAWAY,<br>                Plaintiff,<br>   vs.<br>JACK KLEIN, SANDRA WILLIAMS dba CAPITAL JUDGMENT RECOVERY, and CALIFORNIA ASSOCIATION OF JUDGMENT PROFESSIONALS<br>                Defendants.<br>_____ | Case No. 11-31873 TEC<br><br>Chapter 13<br><br><br>Adv. Proc. No. 11-3171 TC |

### MEMORANDUM DECISION AND ORDER

On August 22, 2011, Douglas Caraway ("Plaintiff") filed an adversary complaint against Jack Klein ("Defendant") pursuant to 11 U.S.C. § 523(a)(2) arising from the same transaction involved in the state-court judgment obtained in <u>Caraway v. Silva</u>, San Mateo Sup. Ct., Case No. CIV385050 (the "State-Court Judgment").

On October 22, 2011, Defendant filed a motion for summary judgment (the "Motion for Summary Judgment"). In support of the that motion, Defendant submitted evidence that on December 11,

MEMORANDUM DECISION AND ORDER        -1-

2009, Plaintiff assigned the State-Court Judgment to Sandra Williams, dba Capital Judgment Recovery.

On January 5, 2012, the court entered an order: (1) denying the Motion for Summary Judgment; and (2) requiring Plaintiff to obtain joinder or substitution of the real party plaintiff on or before February 15, 2012.

On January 13, 2012, Ms. Williams filed in the San Mateo Superior Court an acknowledgment of full satisfaction of the State-Court Judgment (the "Acknowledgment of Satisfaction").

On January 14, 2012, Defendant filed a request for judicial notice of the Acknowledgment of Satisfaction.

On February 15, 2012, Plaintiff filed a first amended complaint naming Sandra Williams dba Capital Judgment Recovery and California Association of Judgment Professionals as additional defendants in the above-captioned adversary proceeding.

At the hearing on March 5, 2012, Plaintiff acknowledged that he executed an assignment of the State-Court Judgment to Ms. Williams. Upon review of the assignment, the court recognized that Plaintiff assigned all rights, title, and interest in the State-Court Judgment to Ms. Williams, and that Ms. Williams had full authority to recover, compromise, settle, and enforce the State-Court Judgment.

On March 9, 2012, the court issued an order to show cause re judgment on the pleadings for Defendant, because it appeared that Plaintiff admitted in his first amended complaint that he assigned the State-Court Judgment to Ms. Williams, because it appeared that Ms. Williams filed an acknowledgment of full satisfaction of the State-Court Judgment, and because it appeared that the allegations

MEMORANDUM DECISION AND ORDER    -2-

contained in this adversary proceeding arise from the same transaction involved in the State-Court Judgment (the "Order to Show Cause").

Plaintiff was required to file written opposition to the Order to Show Cause on or before April 2, 2012.

On April 2, 2012, Plaintiff filed a request for an extension of time to file a response to the Order to Show Cause (the "Request for Extension of Time").

On April 13, 2012, Plaintiff filed an untimely response to the Order to Show Cause alleging, *inter alia*, that the filing of the Acknowledgment of Satisfaction by Ms. Williams was a violation of the automatic stay.

Upon due consideration, and because Plaintiff has not submitted any evidence controverting that he executed an absolute assignment of all rights, title, and interest in the State-Court Judgment to Ms. Williams, and because Plaintiff has not submitted any evidence controverting that the State-Court Judgment was not fully satisfied, and because the filing of the Acknowledgment of Satisfaction by Ms. Williams is not an action against the debtor in violation of section 362, and because Plaintiff did not file timely opposition to the Order to Show Cause, the court hereby orders as follows:

(1) The Request for Extension of Time is denied.

(2) Judgment should be entered for Defendant, and Plaintiff shall take nothing from Defendant.

(3) All causes of action against Sandra Williams dba Capital Judgment Recovery and California Association of Judgment Professionals are dismissed without prejudice for lack of subject-matter jurisdiction or in the alternative permissive abstention

1  under 28 U.S.C. § 1334(c)(1).
2      (4) Each party shall bear its own attorney's fees.
3      (5) Any application for costs shall be submitted in accordance
4  with Civ. L.R. 54-1, incorporated by Bankr. L.R. 1001-2(a).
5      (6) The hearing set for April 16, 2012 at 9:30 a.m. is vacated.
6                          **END OF ORDER**

MEMORANDUM DECISION AND ORDER    -4-

## Court Service List

Douglas Caraway
2470 Pulgas Ave, Ste C
East Palo Alto, CA 94303

Howard L. Hibbard
Law Offices of Howard L. Hibbard
251 Park Rd. #800
Burlingame, CA 94010

Jack Klein
50 Horgan Ave. Apt. 51
Redwood City, CA 94061

Joseph Bochner
Law Office of Joseph Bochner
11448 Deerfield # 2-222
Truckee, CA 96161

Sandra Williams
dba Capital Judgment Recovery
P.O. Box 4067
Oceanside, CA 92052